UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re Willis Roof Consulting, Inc. ) ) ) ) ) ) ) ) ) | Case No.: 2:10-BK-16193-LRB<br><br>CHAPTER 7<br><br>Case No. 10-cv-01682-GMN-VCF<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs the National Roofing Industry Pension Plan and National Roofers & Employers Union Health & Welfare Fund's Motion to Withdraw the Automatic Reference of the above-described Bankruptcy Case insofar as it concerns the Claim by them. (Mtn. to Withdraw Reference, BK. Doc. 155, ECF No. 1.)  The Bankruptcy Trustee Brian D. Shapiro filed an opposition to the motion to withdraw the reference. (Opp. to Mtn., BK Doc. 168.)  The Plaintiffs filed a Reply. (Reply, BK Doc. 191.)

## FACTS AND BACKGROUND

Plaintiffs filed suit against Willis Roof Consulting, Inc. (hereinafter "Debtor") in the United States District Court for the District of Nevada in August 2006 (hereinafter "District Court case"). (*See* Case No. 2:06-cv-01032-RLH-RJJ.)  In the District Court case, the Plaintiffs contend that under the Employee Retirement Income Security Act ("ERISA") the Debtor owes them nearly $7 million in unpaid fringe benefit contributions and related damages.

On April 9, 2010, the Debtor filed for bankruptcy pursuant to Title 11, Chapter 7, of the United States Code.  Thus, the District Court case was automatically stayed.  On

April 22, 2010, the Plaintiffs filed a Proof of Claim (hereinafter "the Claim") with the Bankruptcy Court, claiming the same damages as alleged in the District Court case, along with a right to Priority payment under the Bankruptcy Code for a portion of the damages. (Proof of Claim, Exhibit "B" attached to Mtn. to Withdraw.)  On June 21, 2010 the Department of Labor entered an amended order to reflect that the principal amount due and owing on the Complaint as against the Debtor is now $1,832,074.06 for health and welfare and $395,570.50 for pension (much less than the Claim filed by Plaintiffs).

      The Plaintiffs now seek to withdraw the automatic reference under 29 U.S.C. § 157 with respect to the Claim, to liquidate the amount of the Claim and to determine all other issues related to the Claim.

## DISCUSSION

### A. Legal Standard

      District courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  District Courts have the authority to refer bankruptcy proceeding to the bankruptcy judges in their own district. See 28 U.S.C. 157(a).  The District of Nevada has adopted Local Rule 1001, which automatically refers all cases filed pursuant to Title 11 and all proceedings under Title 11 or arising in or related to cases under Title 11 to the bankruptcy court.

      Jurisdiction with the bankruptcy court is deemed to be either a core proceeding or a non-core proceeding.  A core proceeding is one that invokes a substantive right provided by title 11 or a proceeding that, by its nature could arise only in the context of a bankruptcy case. *See*, *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000).  A core proceeding includes one to determine the allowance or disallowance of claims against the estate. *See*, 28 U.S.C. 157(b)(2)(B).

Section 157(d) provides for two ways that a reference may be withdrawn from a bankruptcy proceeding, one mandatory and one permissive. The statute states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Whether the withdrawal of reference is mandatory or permissive the motion to withdraw the reference must be timely.

**B.     Analysis**

Bankruptcy Rule 3001(f) provides in part that a proof of claim filed in accordance with these rules provides a prima facie case of the validity of the amount of the claim. Absent a written objection from a party in interest, a claim is "deemed allowed" upon the filing of a timely proof of claim. *See*, *In re Shook*, 278 B.R. 815, 821 (9th Cir. BAP 2002)(citing 11 U.S.C. §§ 501(a), 502(a); Fed. R. Bankr. P. 3002). A deemed allowance entitles the claimant to participate in the distribution of the estate's assets. *Id.* (citing *Ashford v. Consol. Pioneer Mortgage* (*In re Consol. Pioneer Mortgage*), 178 B.R. 222, 225 (9th Cir. BAP 1995), *aff'd mem.*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996); Fed.R.Bankr.P. 3021).

Neither the Trustee, nor anyone else, has objected to the Claim filed by Plaintiffs. Therefore, the Claim is deem allowed. Accordingly, the motion to withdraw the reference is untimely because it is premature. *See*, *In re Chateaugay Corporation*, 104 B.R. 622, 255 (S.D.N.Y. 1989)(creditor's motion to withdraw the reference was premature when claim had not been objected to by any party.)

Plaintiffs argue that because the Trustee has clearly indicated that he believes the Plaintiffs should remove all post-2006 amounts from their Claim there is an actual case in controversy for this Court to oversee. However, the Trustee has not filed a written objection to the claim as required by the Bankruptcy Rules. Plaintiffs base their argument on the Trustee's statement in his opposition which points out that based upon the Department of Labor Board's recent decision Plaintiffs have an ethical obligation to amend the proof of claim to the correct amount due and owing because the current claim does not accurately reflect the true amount of the claim. (Opp. to Mtn. to Withdraw, 6:20–24.) The Court finds that this is only a speculative objection that does not require the Court to withdraw the reference at this time.

The Court agrees with the Trustee that Plaintiffs' Claim is properly handled by the bankruptcy court as a core proceeding because no party has objected to the Claim. Accordingly, the Court denies Plaintiffs' Motion to Withdraw the Reference.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs the National Roofing Industry Pension Plan and National Roofers & Employers Union Health & Welfare Fund's Motion to Withdraw the Automatic Reference (ECF No. 1) is DENIED.

DATED this __23__ day of ____July____, 2012.

_____
Gloria M. Navarro
United States District Judge